FILED by [signature] D.C.
DKTG
AUG 27 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
AUG 12 2003
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1554*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INITIAL PUBLIC OFFERING (IPO) SECURITIES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of more than 1,100 actions pending in the Southern District of New York (and presently consolidated into 309 actions according to the involved initial public offering (IPO) issuer), and one action in the Southern District of Florida.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the 309 court-appointed lead plaintiffs in the New York actions to transfer the Florida action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the actions pending there. The CSFB defendants[2] support Section 1407 centralization. The Florida plaintiffs oppose inclusion of their action in any Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Although the Florida plaintiffs have recently amended their complaint in order to minimize the overlap of parties, issuers and class periods between the Florida action and the New York IPO actions, these actions continue to involve common factual questions arising out of allegations that underwriters – including CSFB – and IPO issuers are responsible for misrepresentations in issuers' prospectuses and/or in underwriter research analyst reports and/or misused the research reports in order to manipulate the price of issuers' securities in the IPO aftermarket. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We also point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial

---

[1] Moving plaintiffs later amended their Section 1407 motion seeking to include an additional action – *Larry L. Cannon v. Citigroup Global Markets, Inc., et al.*, D. Colorado, C.A. No. 1:03-888 – in centralized pretrial proceedings in this docket. Plaintiffs subsequently withdrew their amended motion and all responding parties in *Cannon* agree that inclusion of this action in MDL-1554 proceedings is not appropriate.

[2] Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corp.), Credit Suisse First Boston (USA), Inc., and Credit Suisse First Boston, Inc. (collectively CSFB).



# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

August 12, 2003

J. Michael McMahon, Clerk
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: MDL-1554 -- In re Initial Public Offering (IPO) Securities Litigation

(See Attached Schedule A of Order)

Dear Mr. McMahon:

Enclosed is one certified and additional copies of an order filed by the Panel under 28 U.S.C. § 1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 12 of Volume 1, Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each action by your court, the caption and docket numbers of all actions originally filed in your district, and receiving copies of orders regarding settlements, dismissals, further transfers under 28 U.S.C. §§ 1404(a) or 1406, reassignments to other judges in your district, etc.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon a finding by the transferee judge that remand of a transferred action is appropriate, this office will promptly file conditional remand orders when appropriate notification is received from your court.

For your information, I am enclosing a copy of the Panel Attorney Service List. We are also interested in receiving orders appointing liaison counsel or attorney lists used by your court.

Very truly,

Michael J. Beck
Clerk of the Panel

By Teresa Bishop
Deputy Clerk

Enclosures

cc: List of Recipients Attached

List of Recipients for
letter addressed to J. Michael McMahon, Dated August 12, 2003
Re: MDL-1554

Enclosures include Vol. 1, Ch. 12 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules to

Chief Judge, Transferee District: Judge Michael B. Muskasey, S.D. New York
Transferee Judge: Judge Shira Ann Scheindlin, S.D. New York

Enclosures include transfer order only to

Clerk, Hearing District Court: William S. Brownell, D. Maine
Judge Richard P. Matsch, D. Colorado
James R. Speaker, D. Colorado

Enclosures include transfer order and Rule 1.6, R.P.J.P.M.L., to

Clerk(s), Transferor District Court(s): Clarence Maddox, S.D. Florida

Assigned Judge(s), Transferor District Court(s): Judge Jose E. Martinez, S.D. Florida